AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

MIDDLE _____ DISTRICT OF _____ ALABAMA

FILED

MAY 2 6 2005

U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.
CLERK

UNITED STATES OF AMERICA

v.

BENNIE DEAN HERRING

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:05 mj 69-CSC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ____**July 7, 2004**____ in ___**Coffee**___ county, in the

___**Middle**___ District of ____**Alabama**____ defendant(s) did, (Track Statutory Language of Offense)

intentionally and knowingly possess a firearm after being convicted of felony offenses,

in violation of Title ___**18**___ United States Code, Section(s) ___**922(g)(1)**___ .

I further state that I am a(n) Special Agent/BATFE _____ and that this complaint is based on the following facts:
Official Title

**See Attached Affidavit hereby incorporated by reference as if fully restated herein.**

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

__May 26, 2005_____    at    ___Montgomery, Alabama___
Date                                                                    City and State

CHARLES S. COODY
United States Magistrate Judge

Name & Title of Judicial Officer                              Signature of Judicial Officer

**AFFIDAVIT**

I, Special Agent Jennifer A. Rudden, affiant, hereby depose and state the following:

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives, United States Department of Justice, and have been so employed since June 18, 2001. I have completed Criminal Investigator School at the Federal Law Enforcement Training Center and New Professional Training Program at the ATF National Academy. I am currently assigned to the Montgomery Field Office in Montgomery, Alabama. As a result of my training and on-the-job experience as an ATF Special Agent, I have become thoroughly knowledgeable in the violations of the Federal firearm, arson and explosive laws to include various criminal statutes enacted in the Gun Control Act of 1968 and those set forth in the National Firearms Act.

As a result of my training and experience as an ATF agent, I am familiar with the federal laws concerning the illegal possession of firearms. I know that it is illegal for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm that has affected interstate or foreign commerce.

On July 7, 2004, Bennie Dean Herring was observed at the Coffee County Sheriff's Department while recovering some items in a vehicle in their impound lot. Investigator Mark Anderson, Coffee County Sheriff's Department, asked Sandy Pope, a Coffee County Warrant Clerk, to check on any active warrants for Bennie Herring. Dale County Sheriff's Department advised that the computer indicated an outstanding Felony Warrant for Bennie Dean Herring.

On this same date, July 7, 2004, Investigator Mark Anderson and Deputy Neal Bradley from the Coffee County Sheriff's Office executed a vehicle stop on the vehicle driven by one Bennie Dean Herring, who resides at 1963 County Road 109, Brundidge, Alabama. The vehicle, bearing Alabama license plate 19F1097, was later learned to be registered to Southeast Enterprise, Inc., address 1963 County Road 109, Brundidge, Alabama.

On this same date, July 7, 2004, Coffee County Sheriff's Department advised Dale County Sheriff's Department that they had Bennie Dean Herring in their custody, and again, Dale County confirmed a warrant on Bennie Dean Herring, therefore in response, Coffee County deputies arrested Bennie Herring.

Coffee County deputies searched Bennie Herring and located a plastic bag containing an off-white powder substance that was later determined to be Methamphetamine by the Alabama Department of Forensic Sciences. The vehicle was then searched incident to arrest, and a HIPOINT, .380 caliber, handgun, serial number P717943 was located under the driver's seat. When the firearm was recovered, Herring stated that he did not have a permit for the firearm.

Later on this same date, July 7, 2004, Dale County Sheriff's Department contacted Coffee County Sheriff's Department and advised that there was not an active warrant on

Bennie Herring. Dale County Sheriff's Department had made the error due to the failure of the recalled warrant not being removed from the computer system. Bennie Herring received a $1000.00 bond on the weapon charge.

Alcohol, Tobacco, Firearms & Explosives Interstate Nexus Specialist Theron Jackson determined that the said firearm was not manufactured in the State of Alabama and therefore must have traveled in interstate or foreign commerce.

On May 20, 2005, the United States Marshals Service received information from Dale County Sheriff's Department regarding threats by one Bennie Dean Herring suggesting harm toward police officers and either State, Local, or Federal Judges.

Bennie Dean Herring has been convicted of the following Federal felonies:

United States District Court, Middle District of Alabama, *Conspiracy to manufacture and sell electronic devices designed for the purpose of surreptitious interception of electronic communications and Manufacturing and selling electronic devices designed for the purpose of surreptitious interception of electronic communications*, Case No. 89-277-S, dated April 17, 1990 (Title 18 USC 371 and 2512(1)(b)).

United States District Court, Middle District of Alabama, *Violation of Satellite Television Privacy*, Case No. 90-252-S, dated May 1, 1991 (Title 47 USC 605 (e)(4)).

Based on the foregoing facts, I believe that on July 7, 2004, Bennie Dean Herring, a convicted felon, illegally possessed a firearm that had traveled in interstate or foreign commerce, Title 18, USC 922(g)(1). This violation occurred within Coffee County, Middle District of Alabama.

Jennifer A. Rudden
Special Agent, ATF

Sworn to before me and subscribed in my presence this 26th day of May, 2005.

CHARLES S. COODY
United States Magistrate Judge