IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:05CR161-T |
| | ) | |
| BENNIE DEAN HERRING | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 29, 2005, a grand jury of this district returned an indictment against the defendant charging him with the felony offense of the unlawful transportation of firearms in violation of 18 U.S.C. § 922(g)(1) and a misdemeanor offense of possession of a controlled substance in violation of 21 U.S.C. § 844(a).  The defendant filed on September 25, 2005, a motion to dismiss the indictment and to prohibit further prosecution of him on the following grounds:

> 1. Defendant contends that this because these same factual allegations have been charged as criminal offenses in the state criminal courts of Coffee County, Alabama, the present Court has no jurisdiction over this matter, because Congress rejected the "removal" of criminal cases proposed in 1977 in F.R.Cr.P. 40.1, as set forth in the Historical Notes to F.R.Cr.P. 40.
> 2. Defendant contends there was not proper issuance of a warrant for his arrest and therefore this Court has no authority to have custody of the Defendant.
> 3. Defendant contends that the firearms charge against him has been improperly changed from a state misdemeanor to a federal felony, without basis in law.
> 4. Defendant contends that he is not a convicted felon, because the conviction which is alleged in this indictment is the subject of collateral proceedings in a pending action under 28 U.S.C.§ 2255.

For the reasons which follow the motion to dismiss should be denied.

1

## The Jurisdictional Claim

In accordance with FED.R.CRIM.P. 7 this case originated in this court with the filing of an indictment returned by a federal grand jury. Consequently, the defendant's "removal" argument is patently frivolous. The defendant's claim can also be understood as a claim that he may not be prosecuted in a court of the United States on charges arising from the same set of facts for which he is being prosecuted in state court. The Constitution ensures "a system of dual sovereignty between the states and the federal government." *Gregory v. Ashcroft*, 501 U.S. 452, 457 (1991). Under this principle of dual sovereignty, a defendant may be prosecuted and sentenced by state and federal governments if his conduct violates the laws of each sovereign. *United States v. Wheeler*, 435 U.S. 313, 316-18 (1978); *Finch v. Vaughn*, 67 F.3d 909, 915 (11th Cir. 1995). The defendant's claim lacks merit.[1]

## The Custody Claim

The defendant contends that his detention is unlawful. The records of this court show that the defendant is in state custody and before this court a writ. The validity of the defendant's detention is not grounds for dismissal of the charges against him. *See Gerstein v. Pugh,* 420 U.S. 103 (1975).

## The Collateral Proceeding Claim

The defendant contends that he is not a convicted felon because the conviction against him is the subject of a collateral attack. This contention lacks merit. To the extent it is based

---

[1]For the same reason, the defendant's third claim, that a state misdemeanor charge has "improperly" been changed to a felony charge lacks merit. Each sovereign is entitled to determine for itself the seriousness of conduct determined to be criminal.

2

on a challenge to the fact of a prior conviction, Herring's claim fails because there is no summary judgment procedure in criminal cases. *United States v. Salman*, 378 F.3d 1266 (11th Cir. 2004). In addition, a pending collateral attack does not affect the validity of a predicate criminal conviction. *Cf. Custis v. United States,* 511 U.S. 485 (1994) (disallowing collateral attacks on validity of predicate convictions except on grounds of lack of counsel).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss be denied. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 4, 2005**.[2] Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

---

[2]The court has shortened the time for filing objections because this case is set for trial during the term which commences on October 12, 2005.

3

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of September, 2005.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

4