IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.                          ) | CR. NO. 1:05cr161-T |
| ) | |
| BENNIE DEAN HERRING          ) | |

RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Suppress. As grounds in support of this motion, the United States sets forth the following:

FACTS

On July 7, 2004, Bennie Dean Herring visited the Coffee County Sheriff's Department regarding an impounded vehicle. As Herring was leaving the Sheriff's Department, Investigator Mark Anderson asked Coffee County warrant clerk Sandy Pope to check on any outstanding arrest warrants for Herring. According to Sandy Pope, Herring had no outstanding Coffee County arrest warrants.

Nevertheless, Sandy Pope called her counterpart, Sharon Morgan, at the Dale County Sheriff's Department. Pope asked Morgan to check on any Dale County arrest warrants. Morgan informed Pope that Dale County indeed had an outstanding felony arrest warrant for Bennie Dean Herring.[1] Based upon Sharon Morgan's information, Sandy Pope immediately informed Investigator

---

[1] According to Dale County warrant clerk Sharon Morgan, her computer indicated an active felony arrest warrant for Herring.

Anderson of Herring's Dale County warrant. Armed with knowledge of an outstanding felony arrest warrant, Investigators Anderson and Bradley pursued Herring's vehicle. Prior to stopping Herring, Investigator Anderson confirmed with Sandy Pope that Dale County wanted Herring arrested.

Based upon their good faith belief of an outstanding felony arrest warrant, Investigators Anderson and Bradley stopped Herring's vehicle and arrested him. Subsequent to Herring's arrest, Investigators Anderson and Bradley found a firearm, ammunition and a quantity of controlled substances.

After Herring's arrest, however, Dale County authorities informed Coffee County authorities that they were unable to find Herring's original arrest warrant. Ultimately, Dale County discovered that Herring's arrest warrant had been recalled. To date, it is unclear whether the failure to properly recognize the recalled warrant rests with the Dale County Circuit Clerk's Office or the Dale County Sheriff's Department.

## ANALYSIS

Probable cause to arrest exists when law enforcement officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime. See Beck v. Ohio, 379 U.S. 89 (1964); United States v. Floyd, 281 F.3d 1346 (11th Cir. 2002); Craig v. Singletary, 127 F.3d 1030 (11th Cir. 1997).

Importantly, a law enforcement officer's mistaken belief of fact can properly contribute to a probable cause determination and can count just as much as a correct belief, as long as the mistaken belief was reasonable in light of all the circumstances. See United States v. Gonzales, 969 F.2d 999 (11th Cir. 1992).

Paramount to the instant case, the United States Supreme Court has addressed computer errors and arrest warrants. In Arizona v. Evans, 514 U.S. 1 (1995), the Supreme Court ruled that if an arrest is made by the police in good faith reliance on a computer printout which indicates an outstanding arrest warrant, evidence obtained as a result of the arrest should not be suppressed even if the printout was erroneous. See Evans at 1193-1194. In Evans, the United States Supreme Court applied United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984), and the "good faith" exception to arrests initiated by a computer error. In reaching its decision, the Supreme Court addressed computer errors that originated with court employees, specifically court clerks. Evans at 1193. According to the Supreme Court:

> [C]ourt clerks are not adjuncts to the law enforcement team engaged in the often competitive enterprise of ferreting out crime [therefore] they have no stake in the outcome of particular criminal prosecutions. The threat of exclusion of evidence could not be expected to deter such individuals from failing to inform police officials that a warrant had been quashed. See Evans at 1193 (internal citations omitted).

Importantly, the Supreme Court did not address computer errors that originate within police departments. Indeed, the Supreme Court "specifically declined to address whether the same analysis would apply if police personnel were responsible for the error." See Evans at 16 n. 5, 115 S.Ct. 1185; United States v. Santa, 180 F.3d 20, 26 (2nd Cir. 1999).

Although the Supreme Court has not specifically addressed computer errors originating from police departments, other courts have. Indeed, the United States Circuit Court for the Second Circuit found that an officer's reliance on the New York State Police Information Network to effectuate an arrest was reasonable despite the fact that the arrest warrant had been vacated. See United States v. Santa, 180 F.3d 20, 26-27 (2nd Cir. 1999). Furthermore, the Fifth Circuit, in United States v. De Leon-Reyna, 930 F.2d 396, 400-401 (5th Cir. 1991), applied the good faith exception to incorrect

3

information relayed between a border patrol agent and a police dispatcher.  See De Leon-Reyna at 398.  In evaluating the "good faith" reliance of the border patrol agent, the Court found that despite *flawed police communications*, the agent reasonably relied on information he received from the police dispatcher.  See id. at 400.  Likewise, the Fifth Circuit applied this same reasoning in an unpublished case, United States v. Castaneda, 273 F.3d 1094 (5th Cir. 2001), wherein a DEA agent stopped an individual based upon an unsworn arrest warrant.  Castaneda argued that the good-faith reliance exception did not apply to police errors and evidence against him should be suppressed.  See Id. at 1094.  The Fifth Circuit rejected this argument and held:

> While the Supreme Court has remained silent on this issue, we have held that the good faith exception to the exclusionary rule applies regardless of whether the error was by court clerks or police personnel.  See id. at 1094.

Applying the aforementioned law, evidence of Herring's illegal possession of a firearm and controlled substances should not be suppressed because Coffee County Investigators Anderson and Bradley arrested Herring on their good faith belief that an outstanding arrest warrant existed in Dale County, Alabama.  Importantly, Investigators Anderson and Bradley have no understanding of Dale County's warrant system.  Indeed, Investigators Anderson and Bradley work for Coffee County and they reasonably relied on information transmitted to them by Dale County.  As the Supreme Court announced in United States v. Janis, 428 U.S. 433, 454, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976), "where the exclusionary rule does not result in appreciable deterrence, then, clearly, its use is unwarranted."  In the case at bar, use of the exclusionary rule is unwarranted because Coffee County Investigators Anderson and Bradley cannot be charged with knowledge of errors between the Dale County Sheriff's Department and the Dale County Circuit Clerk's Office.

For the reasons stated above, the defendant's motion should be denied.

Respectfully submitted this 28th day of September, 2005.

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY

        /s/ Verne H. Speirs
        VERNE H. SPEIRS
        Assistant United States Attorney
        1 Court Square, Suite 201
        Montgomery, Alabama 36104
        (334) 223-7280
        (334) 223-7135 Fax
        verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CR. NO. 1:05cr161-T |
| | ) |
| BENNIE DEAN HERRING | ) |

CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov