## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO:1:05-cr-161-T |
| ) | |
| BENNIE DEAN HERRING ) | |

### OBJECTIONS TO RECOMMENDATION REGARDING MOTION TO DISMISS

Comes the defendant, Bennie Herring, pro se and by STANDBY Counsel and respectfully objects to the Recommendation of the U.S. Magistrate Judge (D.E. 22), denying the defendant's Motion to Dismiss this Indictment and prohibit further prosecution of this matter.

This objection is based on the following grounds:

1.  Defendant contends that this because these same factual allegations have been charged as criminal offenses in the state criminal courts of Coffee County, Alabama, the present Court has no jurisdiction over this matter, because Congress rejected the "removal" of criminal cases proposed in 1977 in F.R.Cr.P. 40.1, as set forth in the Historical Notes to F.R.Cr.P. 40. The U.S. Magistrate Judge did not address the impact of Congress' rejection of "removal" in his Recommendation on this issue. See D.E. 22, page 2.

2.  Defendant contends there was not proper issuance of a warrant for his arrest and therefore this Court has no authority to have custody of the Defendant. This claim requires an evidentiary hearing and is different from the question of detention. was not addressed in the Recommendation of the U.S. Magistrate Judge.

3.  Defendant contends that the firearms charge against him has been improperly changed from a state misdemeanor to a federal felony, without basis in law.

4.  Defendant contends that he is not a convicted felon, because the conviction which is

alleged in this indictment is the subject of collateral proceedings in a pending action under 28 U.S.C. § 2255. While the Recommendation cites *Custis v. U.S.*, 511 U.S. 485 (1994) for the proposition that "a pending collateral attack does not affect the validity of a predicate criminal conviction" (D.E. 22, page 3), *"Custis* involved an attempted collateral attack on a prior conviction to avoid a sentencing enhancement, not an evaluation of a prior conviction as an element of a criminal offense," as in the present case. *U.S. v. Small*, 333 F.3d 425, 427 - 428 (3rd Cir. 2003) (addressing use of foreign conviction as element of felon in possession offense). See *U.S. v. Cawthon*, 2005 WL 2237781, *3 (11th Cir.(Fla.) ("if the defendant files a written response claiming that a conviction is invalid, a hearing like that contemplated under section 2254 is exactly what [21 U.S.C. § 851] requires." *United States v. Sanchez*, 138 F.3d 1410, 1417 (11th Cir.1998).

     Defendant contends that he is unable to provide further citations of authority in support of these objections, in that he is being improperly held in custody, without consideration of release, and without access to required legal sources, an adequate law library, or his personal papers which are relevant to this matter.

     **WHEREFORE**, the defendant respectfully prays that this Motion be granted.

     Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
STANDBY COUNSEL for Defendant Herring
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Verne Speirs, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
STANDBY COUNSEL for Defendant Herring
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org