In the United States Court for
the Middle District of Alabama

RECEIVED
2005 OCT -7 A 9:28

| US | CASE # |
| v | CR 1:05cr161-T |
| Bennie Dean Herring | |

## OBJECTION TO MAGISTRATES RECOMMENDATION

Comes now the defendant objecting to the recommendations of the magistrate in the above styled case.

1. The defendant objects to the magistrates jurisdiction involving the holding of hearings in the above styled case and one styled CV 1:05cv563T.

2. The handling of the above cited case and the courts lack of jurisdiction has denied the defendant his rights relevant to due process and equal access.

3. Statute prohibits a magistrate from overseeing a habeas petition.

4. The habeas petition 1:05cv563T was pending before the indictment in 1:05cv161T and is still pending.

5. The illegal confinement complained of has made impossible the defendants pro-se preparation for trial.

6. The defendant "Herring" has been relocated to three different jails without his permission causing mail from this court to be lost or mis-sent.

7. Herring has been prevented the use of a law library.

8. He has been denied copies of charges and executed warrants.

9. The federal court claims the state has a "hold" on him while the state court claims the federal courts have a "hold" on him.

10. Herring has been furnished no copy of any such hold and has no idea the nature of a "hold" order.

## REMOVAL FROM STATE COURT

11. Herring was arrested by county deputies in July of 2004 on a misdemeanor charge.

12. He made bail and was released from jail.

13. That charge and occurrence is the same as the one now being prosecuted in this court.

14. While state and federal courts may have dual sovereignty, they cannot violate the principle of

double jepardy.

15. Likewise federal courts are a creature of the legislature and cannot exceed the wishes of congress.

16. Congress specifically prohibited the removal of a state criminal proceeding to federal court relative to an amendment to F.R.Cr.P. 40.1.

17. The magistrate court found that the instant case originated in this court by indictment.

18. It was by information this indictment was given birth and nothing more than a poorly improvised removal.

19. This case alleges the same facts based on the same set of circumstances with the same witnesses as provided by state court.

20. Add the fact that Herring has already been jailed and discharged on the same facts as included in the indictment.

21. Until a conviction or plea of guilty is achieved the state court action does not reach the level of the federal statute now charged.

22. As to the warrant or lack of warrant in this court, indictment is nothing more than a written charge. It does not give custody of a defendant.

23. The federal court is relying on warrant

issuing from state court, apparently.

24. That leaves on one of two scenario's (1) the federal court does not have jurisdiction or (2) the state court proceeding has been removed.

25. Without one of those situations this court is without jurisdiction.

26. Likewise our constitution does not allow a change from on jurisdiction to another to be used to bump up a misdemeanor to a felony, and especially after a discharge from confinement.

## 2255 COLLATERAL ATTACK

27. The defendant cannot provided an adequate argument as to the remanded 2255 petition because his records are locked away and accessable only to him.

28. However, from memory, he can state that the federal convictions were reversed and remanded for a finding several years ago.

29. When a finding, as ordered by the Eleventh Circuit, was not forthcoming a motion was made to dismiss pursuant to a statute that makes the dismissal automatic.

30. The number of the statue has slipped the mind of the defendant, however, his records should provide the complete set of pleadings.

## CUSTODY CLAIM

31. As stated earlier, Herring filed a habeaus petition, 1:05 cv 563T, but was picked up on a different petition 1:05 cv 161T.

32. The writs ordered Federal marshalls to pick Herring up at the Coffee County Jail and bring him to this court for a hearing on August 17, 2005, then return him to Coffee County.

33. The essence of that order has been abused and has now made impossible Herring's preparation for this trial on Oct. 12, 2005.

34. The does not have access to a copy machine and begs this court to file this pleading and copy the U.S. Attorney. The defendant will re-imburse for any cost.

Respectfully Submitted this
10-4-2005

[signature]