IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CR. NO. 1:05cr161-T |
| ) | |
| BENNIE DEAN HERRING ) | |

UNITED STATES' MOTION IN LIMINE TO PREVENT
TESTIMONY REGARDING KACY CLARK

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court exclude any evidence Defendant seeks to introduce at trial regarding Investigator Mark Anderson and his alleged involvement in the death of Kacy Clark. As grounds in support of this motion, the United States sets forth the following:

On September 9, 2005, the United States received a letter from Defendant Herring. The letter suggests that Investigator Mark Anderson (a material witness against Herring) had some culpability in the death of Kacy Clark.[1]

On September 29, 2005, during the suppression hearing before Chief Magistrate Judge Charles Coody, Herring suggested that Investigator Anderson killed Kacy Clark. Specifically, Herring said:

> "I had been asking Mr. Anderson for about two years because he was involved in the death of a sixteen year old girl. And that's my opinion that he killed her. And he knows that. And I know that." (Suppression transcript at page 22.)

Based upon Herring's September 9, 2005, letter and his line of questioning during the

---

[1] See attachment "A" - letter received from Defendant Herring on September 9, 2005.

September 29, 2005, suppression hearing, the United States anticipates that Herring may try to suggest (during trial and before the jury) that Investigator Mark Anderson killed Kacy Clark. On August 15, 2005, the United States requested any reciprocal discovery from Herring. Herring has failed to provide any evidence regarding Kacy Clark and Investigator Mark Anderson.

Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The issue in this case is Herring's possession of a firearm. Clearly, any specious suggestion that Investigator Anderson was culpable in Ms. Clark's death is not relevant to Herring's possession of a firearm. Therefore, any such testimony by Herring, or anyone else, should be excluded pursuant to Rule 401.

In the alternative, Federal Rule of Evidence 403 excludes relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See United States v. Ross, 33 F.3d 1507 (11th Cir. 1994); United States v. Elkins, 885 F.2d 775 (11th Cir. 1989). The United States submits that any evidence regarding Kacy Clark's death is not relevant to the issues in this case. However, should this Honorable Court find that any such evidence is relevant, the evidence should nevertheless be excluded because its probative value will be substantially outweighed by the danger of unfair prejudice, possible confusion of the issues, and danger of misleading the jury.

The United States respectfully requests that this Honorable Court instruct Defendant Herring, his standby counsel Christine Freeman, or any other witnesses not to discuss or elicit testimony regarding Kacy Clark or her death.

Respectfully submitted this the 17th day of October, 2005.

                    LEURA GARRETT CANARY
                    UNITED STATES ATTORNEY

                    /s/ Verne H. Speirs
                    VERNE H. SPEIRS
                    Assistant United States Attorney
                    1 Court Square, Suite 201
                    Montgomery, Alabama 36104
                    (334) 223-7280
                    (334) 223-7135 Fax
                    verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05cr161-T |
| | ) | |
| BENNIE DEAN HERRING | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov