IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO:1:05-cr-161-T |
| | ) | |
| BENNIE DEAN HERRING | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**MOTION TO DISMISS**

The Defendant, pro se and by undersigned STANDBY counsel, respectfully submits the following in support of his Motion to Dismiss (D.E. 49), pursuant to the Court's Order of October 18, 2005 (D.E. 50).

At a hearing on this Motion, the Defendant would show that the allegations in this Indictment arose out of his arrest by Coffee County sheriff's deputies on July 7, 2004. Further, as set forth in the Docket record of the instant action, the United States filed a criminal complaint raising these charges against the Defendant on May 26, 2005 (D.E. 1) and filed the instant Indictment on June 29, 2005 (D.E. 3). The Writ of Habeas Corpus ad Prosequendum was issued on August 11, 2005 (D.E. 6, 7, 8). On information and belief, on each of those dates, the Defendant was in state custody. Each of those events could have led and, on information and belief, did lead to the lodging by the United States of a detainer for the Defendant with the state authorities.[1] The Defendant was brought before the Court on August 17, 2005. (D.E. 10).

Defendant contends that this Court should dismiss this indictment due to (1) pre-indictment delay in violation of his right to Due Process, (2) violation of the federal Speedy Trial Act, and (3) violation of the Sixth Amendment right to a speedy trial.

---

[1] Defendant notes that Documents Numbers 2, 4, 5 and 9 are apparently under seal, since they do not appear on the public Docket Record of this proceeding.

1. **The Government's pre-indictment delay violates the Defendant's right to Due Process.**

Even when an indictment has been brought before the end of the applicable statute of limitations, a violation of Due Process can be caused by (1) actual prejudice to the defendant due to delay and (2) delay resulting from a deliberate design by the government to gain some type of tactical advantage. *United States v. Foxman*, 87 F.3d 1220 (11th Cir. 1996); *United States v. Thomas,* 62 F.3d 1332 (11th Cir. 1995). At a hearing on this motion, the Defendant will show that he has been prejudiced by the delay in these proceedings and that the United States has deliberately delayed its active prosecution of the Defendant. Thus, a violation of the Defendant's Fifth Amendment right to Due Process has occurred.

2. **The Government's delay has violated Defendant's rights under the Speedy Trial Act.**

The Speedy Trial Act requires the United States to bring a federal information or indictment within thirty days of arrest. 18 U.S.C. § 3161(b). The Act also requires that if a federal prosecutor knows that a person charged with a federal crime is currently incarcerated, the prosecutor must either obtain the prisoner's presence for trial or file a detainer with the prisoner's custodian, and request that the prisoner receive notice of both the detainer and his right to demand trial. 18 U.S.C. § 3161(j)(1). In addition, the Speedy Trial Act requires that a trial commence within seventy days of the return of the indictment or the court appearance of the defendant. 18 U.S.C. § 3161(c)(1).

At least one federal appellate court has held that the filing of a complaint, arrest warrant, and detainer on an individual being held in state custody on state charges does not activate the requirement under 18 U.S.C. § 3161(b) of the Speedy Trial Act, that a federal indictment be brought within thirty days of arrest. See *United States v. Woolfolk*, 399 F.3d 590, 595 (4th Cir. 2005). Some

courts have held that a failure to comply with the notice provisions of 18 U.S.C. § 3161(j) is not to be remedied by dismissal of the federal action. See *United States v. Walker*, 255 F.3d 540, 542 (8th Cir. 2001). But see *United States v. Tummolo*, 822 F.Supp. 1561, 1565 (S.D. Fla. 1993) (where government failed to comply with notice requirement, prisoner's right to trial within 180 days of lodging of detainer, under Interstate Agreement on Detainers is not defeated).

However, in *Woolfolk* the Fourth Circuit also held that "a 'restraint resulting from federal action,' sufficient to trigger the time limits of the Speedy Trial Act, occurs when the Government has knowledge that an individual is held by state authorities solely to answer to federal charges." *Woolfolk*, 399 F.3d at 596. See also, *United States v. Restrepo*, 59 F.Supp.2d 133, 137 - 138 (D. Mass. 1999) (where an INS civil detention is used primarily to develop criminal charges against the defendant, the time limit established by the Speedy Trial Act begins running on the date of the civil arrest).

In the instant case, the Defendant was held in state custody under extremely onerous, cash only, bail conditions and this was known to the United States. Indeed, the Defendant filed a habeas action with this federal court, in an effort to gain relief and release from the state's custody. See *Bennie D. Herring v. The Coffee County Commission,* et al., Case No. 1:05-cv-563-T, Middle District of Alabama. That case is still pending before this Honorable Court.[2] Therefore, on information and belief, the Speedy Trial Act applies because the Defendant was held by state authorities in joint action with and due to the federal authorities' pursuit of federal charges.

In addition, since the Writ was issued for the Defendant on August 11, 2005, the United

---

[2] The Recommendation recommending dismissal of that case was issued on September 21, 2005 (D.E. 16), but the Defendant only recently received notice of that Recommendation.

States should not be permitted to defeat the seventy-day deadline of the Speedy Trial Act by a deliberate delay in bringing the Defendant before the Court for an appearance. The seventy-day time limit should begin to run when the Defendant is held pursuant to the federal charge - as when the Writ issued, or when the detainer was lodged. Each of such dates would place this Court's trial date beyond the seventy-days requirement of the 18 U.S.C. § 3161(c)(1).

    **3.**    **The Government's delay has violated the Defendant's rights under the Sixth Amendment.**

The Fourth Circuit has also held that the filing of a complaint, warrant and detainer <u>does</u> trigger the protection of the Sixth Amendment right to a Speedy Trial. *Woolfolk*, 399 F.3d at 597. While a delay from accusation to actual prosecution of less than eight months is not <u>presumed</u> to be prejudicial under the Sixth Amendment, 399 F.3d at 598, it may still be prejudicial under the circumstances of the individual case. The Defendant respectfully contends that the delay in his case has been prejudicial and violative of his Sixth Amendment rights, in that he has been held in custody and prevented from preparing for trial, yet has not been brought before the Court for trial in a timely fashion. Therefore, Defendant requests an evidentiary hearing on this matter, in order to show that the four factors of the test of *Barker v. Wingo*, 407 U.S. 514 (1972) have been met in this case.[3]

WHEREFORE, Defendant moves this Court to hold an evidentiary hearing on this matter and to sustain this objection.

    Respectfully submitted,

    <u>s/Christine A. Freeman</u>
    **CHRISTINE A. FREEMAN**

---

[3] The four factors to be considered in analyzing post-indictment delay are (1) length of the delay, (2) reason for the delay, (3) assertion of the speedy trial right, and (4) prejudice to the defendant.

**TN BAR NO.: 11892**
STANDBY COUNSEL FOR DEFENDANT
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Verne H. Speirs, Esq., Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
STANDBY COUNSEL FOR DEFENDANT
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org