### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO:1:05-cr-161-T |
| | ) | |
| BENNIE DEAN HERRING | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE**

The Defendant, pro se and by undersigned STANDBY counsel, respectfully files this Notice of his Objection and Opposition to the Government's Motion in Limine (D.E. 46-1).

At a hearing on this Motion, the Defendant would show that the allegations in this Indictment arose out of his arrest by Mark Anderson, acting as a Coffee County sheriff's deputy, on July 7, 2004. The Defendant will further show that he has repeatedly accused Mr. Anderson of wrongdoing in the death of Kacy Clark, which occurred as a result of an improper high speed chase of her car by Mr. Anderson. On information and belief, Mr. Anderson has been subject to negative publicity and/or opprobrium as a result of the Defendant's accusations. As a further result of such accusations, Mr. Anderson has been biased against the Defendant.

The government will apparently be presenting Mark Anderson as a witness against the Defendant. Thus, the jury will have to assess Mr. Anderson's credibility, in determining whether to accept and rely on Mr. Anderson's alleged observations regarding the Defendant's alleged criminal conduct charged in this case. Mark Anderson's hostility and bias toward the Defendant are directly relevant to the jury's fact-finding process in this case.

Since Mr. Anderson's hostility and bias toward the Defendant is occasioned by the Defendant's accusations against Mr. Anderson due to his role in the death of Kacy Clark, the substance of those accusations and the history of Mr. Anderson's subsequent encounters with the

Defendant is essential to the jury's determination of Mr. Anderson's credibility.

"A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony." *U.S. v. Abel*, 469 U.S. 45, 51, 105 S.Ct. 465, 468 (1984); see F.R.E. 401, 402. "Evidence to show bias or interest of a witness in a cause covers a wide range and the field of external circumstances from which probable bias or interest may be inferred is indefinite. The rule encompasses all facts and circumstances which, when tested by human experience, tend to show that a witness may shade his testimony for the purpose of helping to establish one side of the cause only. Facts wholly immaterial, or prejudicial to one of the parties on the main issue, may be material as affecting the credibility of a witness." *Ellis v. Capps*, 500 F.2d 225, 227 (5th Cir. 1974).[1]

Under Rule 608(b) of the Federal Rules of Evidence, specific instances of conduct may be inquired into on cross-examination if they are probative of truthfulness or untruthfulness. "The bias of a witness is a subjective fact influenced by that witness' beliefs about the benefit he will receive if he testifies in a particular way and the value of it to him, which is measured by what he thinks will happen if he does not receive the benefit. . . . The absolute truth about what [the witness] received from the government and its value does not matter; what [the witness] believed about it does." *U.S. v. Oliveros*, 275 F.3d 1299, 1307 (11th Cir. 2001).

WHEREFORE, Defendant moves this Court to hold an evidentiary hearing on this matter

---

[1] Decisions of the Fifth Circuit rendered prior to October 1, 1981 are binding precedent in the Eleventh Circuit until overruled by the Eleventh Circuit sitting *en banc. Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

and to sustain this objection.

        Respectfully submitted,

        **s/Christine A. Freeman**
        **CHRISTINE A. FREEMAN**
        **TN BAR NO.: 11892**
        STANDBY COUNSEL FOR DEFENDANT
        Federal Defenders
        Middle District of Alabama
        201 Monroe Street , Suite 407
        Montgomery, AL 36104
        TEL:  (334) 834-2099
        FAX:  (334) 834-0353
        E-Mail: Christine_Freeman@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Verne H. Speirs, Esq., Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

        **s/Christine A. Freeman**
        **CHRISTINE A. FREEMAN**
        **TN BAR NO.: 11892**
        STANDBY COUNSEL FOR DEFENDANT
        Federal Defenders
        Middle District of Alabama
        201 Monroe Street , Suite 407
        Montgomery, AL 36104
        TEL:  (334) 834-2099
        FAX:  (334) 834-0353
        E-Mail: Christine_Freeman@fd.org