IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO:1:05-cr-161-T |
| | ) | |
| BENNIE DEAN HERRING | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO SUPPRESS**

The Defendant, pro se and by undersigned STANDBY counsel, submits the following in further support of his Motion to Suppress physical evidence seized from his person and truck on or about July 7, 2004.

Probable cause exists to arrest only where the facts and circumstances known to law enforcement officers support a <u>reasonable</u> belief that the suspect had committed a crime. Probable cause to arrest exists if, at the moment of the arrest, the facts and circumstances within the relevant actors' knowledge and of which they had <u>reasonably reliable information</u> were adequate to warrant a <u>prudent</u> person in believing that the object of his suspicions had perpetrated or was poised to perpetrate an offense. See *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citations omitted). However, where a mistaken belief is not reasonable, or is not based on reliable information or reasonable procedures, it cannot support probable cause to arrest.

In the present case, the police departments were well aware of difficulties with the warrants office communication, as shown by testimony at the suppression hearing in this case:

> Q. . . . . how many times have you had or has Dale County had problems, any problems with communicating about warrants?
>
> A. Several times.

(Transcript, p. 49, lines 9 - 15, direct testimony of Sharon Morgan, Dale County Sheriff's

Department.)

In addition, the arresting officers failed to take any reasonable steps to obtain accurate information. Both Mark Anderson and Sandy Pope testified that Mr. Anderson was "going out the door" and "immediately left the office" as soon as Sandy Pope stated that Dale County said they had a felony warrant for Mr. Herring. This was <u>before</u> Mr. Anderson even bothered to find out what the warrant was for or whether Dale County was willing to come and pick up Mr. Herring on that warrant. (Transcript, p. 10, lines 17 - 25; p. 39, lines 15 - 19.) Once he was "out the door," Mr. Anderson <u>never</u> called back for more information, even though he knew Ms. Pope had not yet received a confirming fax regarding the warrant at the time he left:

> Q. . . . . When you relayed that information to Mark Anderson, what did he do?
>
> A. He immediately left the office to try to go stop Mr. Herring to place him under arrest for that warrant.
>
> Q. Okay. All right. Did you receive at any time calls back from Investigator Anderson after he left your office.
>
> A. He did not call me.
>
> Q. Okay.
>
> A. That I remember.

(Transcript, p. 39, lines 15 - 25.)

Nothing in the information available to Mr. Anderson indicated there were any "exigent circumstances," justifying the curtailing of simple steps to verify the reliability of the information. In order to rely on information from another police department as creating probable cause to arrest a suspect, the arresting officers "must show that they reasonably believed that the requesting police

department had a valid basis to seek the arrest." *Saffold v. City of Calumet Park, Ill.*, 47 F.Supp.2d 927, 935 (N.D. Ill. 1999) (holding that police officers did not reasonably rely on phone call information from neighboring police department to make arrest); compare *Whitely v. Warden, Wyoming States Penitentiary*, 401 U.S. 560 (1971) (officers did not have probable cause to arrest based on state police radio bulletin)

Indeed, the "good faith" exception of *United States v. Leon*, 468 U.S. 897 (1984) does not even apply to these circumstances. In *Leon*, the Supreme Court held that there should not be suppression of evidence seized by a law enforcement officer, where the officer was acting in good faith on the basis of a search warrant issued by a neutral and detached magistrate – even if later the warrant itself was held invalid due to a lack of probable cause. *Leon*, 468 U.S. at 925 - 926; *United States v. Young*, 229 F.Supp.2d 1325, 1328 (M.D. Ala. 2002). *Leon* provided this "good faith" basis for the officer's actions, based on the requirement that the law enforcement officer <u>first</u> obtain the magistrate or judge's determination of probable cause.

But such a determination was not obtained by the officers in the present case. Rather, the officers' conduct was comparable to the fourth exception to *Leon* – the "good faith" reliance does not exist where "depending on the circumstances of the particular case, a warrant is 'so facially deficient . . . that the executing officers cannot reasonably presume it to be valid,'" and thus the officers have not engaged in "objectively reasonable law enforcement activity." 468 U.S. at 919 - 920, 923; *United States v. Martin*, 297 F.3d 1308,1313 (11th Cir. 2002). Here, the officers had no warrant physically in their possession, no specific description of the alleged individual warrant (other than that it was for some "failure to appear": for "a felony"), and none of the usual available information, such as a faxed copy, which would confirm its existence.

WHEREFORE, Defendant requests that this Court sustain his objection to such testimony and direct the United States, its counsel, and its witnesses not to discuss or elicit testimony regarding such matters.

Respectfully submitted,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
STANDBY COUNSEL FOR DEFENDANT
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Verne H. Speirs, Esq., Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
STANDBY COUNSEL FOR DEFENDANT
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org