In The United States Court For The
Middle District Of Alabama

U.S.
      v
Bennie Dean Herring
          def.

Case # 1:05cr161T

## Motion To Dismiss And Objection To Instructions

Comes now the above named defendant moving
this court to dismiss the indictment and
charges now facing him, the reasons follow:

1. It is a violation of the defendants rights
under the constitution for him to be denied
the right to prepare for a criminal trial,
now scheduled for October 25, 2005, by
his being confined now for over 130 days.

2. The defendant "Herring" has been confined contin-
uously since his arrest on June 7, 2005.

3. Herring has been moved to three different jails
without his permission and denied access to
a legal library for the entire time.

4. The transfer of custody by U.S. Marshalls
to the different jails has caused his mail
to be mis-sent and arrive where he is
confined as much as two weeks late.

5. Orders that require his response arrive after the time allowed by the court to respond.

6. Herring has files he collected prior to his arrest that only he can access.

7. These files result from the fact that he was arrested over a year before the indictment was filed that is made the basis of the instant case. The original arrest occured on July 7, 2004.

8. There has been a delay of over a year from the arrest until the indictment which violates his right to a speedy trial under any formula.

9. Herring's right to a speedy trial have likewise been violated since his arrest on a federal warrant on June 7, 2005.

10. Title 18 USCS 3161(c)(1) and 3164 demand that Herring's charges be dismissed and he be released immediately.

11. 18 USCS 3164 requires without any ambiguity that Herring be released no later than 90 days from June 7, 2005, the day his continuous detention began.

12. Federal courts use the term "picked up" to explain the proceedure for removing a state case to federal court.

13. There is no such term as "picked up" in the code or rules of federal proceedure.

14. There is however a congressional prohibidion

agains the removal of a state court case to federal court in the foot notes under the proposed amendment to criminal rule 40, (40.1)

15. Such "pickup" requires a defendant to attempt a blend of jurisdictions with differing procedural rules and evidentiary standards.

16. A defendant is arrested by state and or county officials and county warrants but then must face federal procedures up untill and thru trial.

17. In the instant case there is no federal warrant transferring jurisdiction of the defendant to this court and no way for him to challenge the arrest warrant and complaint.

18. The arrest warrant which was executed by county officials is backdated and signed by a person not qualified to sign warrants.

19. County officials claim the original arrest was based on non-extant warrants but was done in good faith.

20. However, the defendant was not allowed to challenge the good-faith claim nor the state required procedure for execution of the warrant or chain of

custody of the evidence made the basis of the federal claim.

21. The magistrate court made a finding that the inventory sheets that are required by state procedures were not relevant to the issue of suppression at the suppression hearing on Sept. 29, 2005.

22. Even the suppression hearing was done in a specious manner.

23. Herring moved for the hearing which was held four (4) days later without notice.

24. Herring was made aware only hours before the hearing.

25. When he reached the court, shackled and in prison garb, there sat six or seven people from Dale and Coffee County waiting to testify for the government.

26. Some had been subpoenaed.

27. Herring never had an opportunity to prepare for the hearing, subpoena his own witnesses or access his documents that he acquired while the case was still in state court.

28. The government can call it what they wish. It consists of nothing other than a removal of a state criminal case to federal court.

29. The removal was not only to federal court, but to the wrong division of the federal district contrary to Title 28 sc 1441 and criminal rule 18.

30. Proposed jury instructions are designed to take advantage of the very situation created by the removal or picking up of the state case by federal courts.

31. Herring objects to several of the instructions but does not have the time or materials to properly prepare his objections in the 24 hours allowed.

32. As to the scheduled suppression hearing, Herring will only be able to point out the erroneous testimony by witnesses and erroneous findings by the magistrate court, most probably by his testimony.

33. The transcript and prior statements should be sufficient however.

Again, the defendant has been denied most basic rights under the federal rules and state rules relative to his right to proceed pro-se. He has been the victim of confusion and unlawful confinement while at the same time the state and federal government continues fight along proceeding to trial as much as 60 days after

his indictment should have been dismissed and his confinement terminated.

Pursuant to Title 18 USCS 3162, 3165, 3166, 3170, and 3174 the clerk, this court and attorneys for both the government and the defendant, if any have as much of a duty, legal and otherwise, to ensure the fair and just administration of this chapter.

## Relief Sought

The defendant begs this court to (1) dismiss the indictment and complaint, (2) order his immediate release pursuant to this chapter and a pending habeas corpus petition that has now been buried in the magistrate court for over 120 days 1:05 cv 563 T, (3) or in the alternative order Herrings return to Coffee County where he can make bond and begin his preparation for trial in the instant case.

The petitioner/affiat sayeth no more.

Respectfully submitted this 19th day of September, 2005.

witt George Yooy Morris          Benn Dan Herring   sui juris
witt Albert ford