IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:05cr161-T |
| BENNIE DEAN HERRING | ) | (WO) |

ORDER

This cause is now before the court on defendant Bennie Dean Herring's motion to dismiss and request for immediate release asserting violations of (1) the Fifth Amendment due-process limitation on pre-indictment delay; (2) the Speedy Trial Act, 18 U.S.C.A. § 3161; and (3) the Sixth Amendment right to a speedy trial.

First, to establish a Fifth Amendment due-process violation resulting from pre-indictment delay, Herring has the burden of proving: (1) actual prejudice to his defense and (2) deliberate design by the government to gain tactical advantage. United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996). Because there is no

evidence, at this time, of actual prejudice to Herring, his due-process argument is without merit.

Second, according to the Speedy Trial Act, a defendant must be indicted on charges within 30 days of being arrested or served with a summons in connection with those charges. 18 U.S.C.A. 3161(b)(1); <u>United States v. Williams</u>, 412 F.3d 552, 556 (11th Cir. 2000); <u>United States v. Brown</u>, 183 F.3d 1306, 1309 (11th Cir. 1999). A complaint and arrest warrant was filed against Herring on May 26, 2005, and he was subsequently indicted on June 29, 2005. However, Herring's arrest warrant was not actually executed until after the indictment on August 12, 2005; further, a summons was never issued in this matter. Thus, Herring's argument that he was not indicted within 30 days of the date he was arrested or served with a summons is without merit.

The Speedy Trial Act also requires the government to commence a trial within 70 days of the return of an indictment or from the date the defendant appeared before

2

a judicial officer of the court in which the charge is pending, whichever date last occurs. 18 U.S.C.A. 3161(c)(1); United States v. Hermanski, 861 F.2d 1240, 1241 (11th Cir. 1988).  Herring's 70-day clock commenced on August 17, 2005, when he was arraigned before Chief United States Magistrate Judge Charles S. Coody; his clock terminated on October 17, 2005, when voir dire was conducted.  See United Statees v. Gonzalez, 671 F.2d 441, 443 (11th Cir. 1982).  Thus, Herring's trial began within the required 70-day window.

Third, four factors determine whether a defendant has been deprived of his constitutional right to a speedy trial: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. United States v. Harris, 376 F.3d 1282, 1290 (11th Cir. 2004) (citing Barker v. Wingo, 407 U.S. 514, 530-32 (1972)).  The first Barker factor serves as a trigger, meaning "unless some 'presumptively prejudicial' period of delay occurred, the

court need not conduct the remainder of the analysis." United States v. Register, 182 F.3d 820, 827 (11th Cir. 2004) (citing Barker, 407 U.S. at 530). A delay between the date of indictment and the trial is considered to be presumptively prejudicial as it approaches one year. United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003). As explained above, Herring's trial commenced well within a year of this indictment. Accordingly, there was no Sixth Amendment violation of Herring's right to a speedy trial.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendant Bennie Dean Herring's motion to dismiss and request for immediate release (Doc. No. 49) is denied.

DONE, this the 25th day of October, 2005.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**