**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO:1:05-cr-161-T** |
| | ) | |
| **BENNIE DEAN HERRING** | ) | |

**MOTION TO PROHIBIT ALL REFERENCE
TO PROPOSED EVIDENCE
AND CITATIONS OF AUTHORITY**

**NOW COMES** the defendant, BENNIE HERRING, and through undersigned STANDBY COUNSEL, and respectfully moves this Court to prohibit all references, at any stage of these proceedings, to Mickey Wambles and to prohibit the Government from calling Mickey Wambles as a witness in this matter.

As grounds for this Motion, Mr. Herring would show (1) the Government has failed to provide timely notice of this witness, or any other witnesses to establish Mr. Herring's presence at the scene of the events charged in the Indictment, as required by F.R.Cr.P. 12.1(b)(1)(A); (2) the Government's use of this witness will create a conflict and require Standby Counsel to withdraw from this case, to Mr. Herring's detriment; and (3) such witness is not essential to the Government's case and is called only for the purpose of delay and prejudice to Mr. Herring.

In support of this Motion, defendant would show:

1.     On Tuesday, November 1, 2005, government counsel notified undersigned Standby Counsel that the government was considering talking to Mickey Wambles, a former

client of the office of undersigned Standby Counsel, to determine whether Mr. Wambles might have any information concerning the charges raised in this Indictment. Undersigned Standby Counsel noted that this office had represented Mr. Wambles in the recent past and that Mr. Wambles is now sentenced and in the custody of the U.S. Bureau of Prisons. These facts were already known to government counsel, since the prosecutor in the present case was also the prosecutor of Mr. Wambles.

2. On Wednesday, November 2, 2005, government counsel notified undersigned Standby Counsel that the government had spoken to Mr. Wambles, who is incarcerated at FCI- Marianna, Florida, and had determined that the government would call Mr. Wambles to testify in this matter against Mr. Herring. Government counsel believes that Mr. Wambles will testify as follows:

    a. Mr. Wambles has seen the defendant Mr. Herring, on numerous occasions, in possession of the firearm which is the subject of Count 1 in this Indictment.

    b. On the occasions when Mr. Wambles has allegedly seen Mr. Herring in possession of said firearm, the firearm was wrapped in plastic and was stored under a truck seat and on top of the truck transmission, as the government will apparently contend the firearm was stored on the date alleged in this Indictment.

    c. On information and belief, the government will not contend that Mr. Wambles was present at the scene of the events charged in the present Indictment.

3. The office of undersigned Standby Counsel represented Mr. Wambles before

2

this Court from September 24, 2004 to July 5, 2005, in Case Number 1:04-cr-136-WHA-VPM, which charged on a federal felony firearms violation. While representing Mr. Wambles, undersigned counsel's office spent approximately 100 hours in support of Mr. Wambles' case, which included the following court actions:

    a.    Representation of Mr. Wambles at his initial appearance on September 24, 2004;

    b.    Securing a mental health evaluation of Mr. Wambles, which was filed by defense counsel with the Court as part of defense counsel's motion for psychiatric evaluation, on October 6, 2004 (D.E. 13, Case No. 1:04-cr-136);

    c.    Representation of Mr. Wambles at his arraignment on February 8, 2005, following his return from the mental health evaluation conducted by the U.S. Bureau of Prisons; and

    d.    Plea negotiations on behalf of Mr. Wambles, resulting in the Orders found at D.E. 25 and 27 (Case No. 1:04-cr-136), and his guilty plea, entered on May 9, 2005 (see D.E. 36, Case No. 1:04-cr-136).

    4.    On July 7, 2005, the Court granted a motion filed by the office of undersigned Standby Counsel to withdraw from representation of Mr. Wambles, based on a conflict between the interests of Mr Wambles and another client. (See D.E. 42, Case No. 1:04-cr-136).

5. A CJA attorney was subsequently appointed to represent Mr. Wambles[1] and at Mr. Wambles' sentencing on July 29, 2005, a sealed motion for downward departure by the United States was granted. (See D.E. 48, 49, Case No. 1:04-cr-136).

6. Mr. Wambles is thus in federal custody pursuant to a conviction in this Court on a matter on which he was represented, in part, by the office of undersigned Standby Counsel. The representation provided by undersigned counsel's office was extensive, continuing over ten months and including representation of the defendant's mental state and through plea negotiations.

7. On information and belief, Mr. Wambles still has additional time to serve in federal custody and has pending state criminal charges, which carry a potential sentence up to life imprisonment; consequently, Mr. Wambles may be seeking assistance from the United States in obtaining a reduction in his present federal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure or a favorable recommendation to the state prosecutors.

8. The past representation of Mr. Wambles thus would create a conflict of interest, in that defense counsel's ethical obligations as former counsel for Wambles prohibit counsel from any action which either takes advantage of information gained through confidential communications or poses a potential detriment to Wambles's interests. ABA Model Rules of Prof. Conduct, Rules 1.6, comment ("The duty of confidentiality continues after the client-lawyer relationship has terminated"), 1.7, 1.9. See Alabama Rules of

---

[1] That CJA attorney, Michael J. Petersen, is joining the office of undersigned Standby Counsel as an Assistant Federal Defender, effective November 15, 2005.

Professional Conduct, 1.7, 1.8, 1.9.

9.   It is well-established that concurrent representation of a defendant and a government witness against that defendant is *per se* error. Stephens v. United States, 595 F.2d 1066 (5th Cir. 1979) (defense counsel's concurrent representation of defendant and principal witness was reversible error, without showing of prejudice); Zuck v. Alabama, 588 F.2d 436 (5th Cir. 1979) (dual representation of defendant and another participant in a criminal trial creates a conflict of interest which renders trial fundamentally unfair);[2] United States v. Vasquez, 995 F.2d 40, 42 (5th Cir. 1993) (affirming disqualification of defense counsel because of potential conflict arising from defense counsel's representation of potential government witness, because "there was a serious potential for a conflict of interest which could impair the effectiveness of counsel's representation" particularly during cross-examination); United States v. Culp, 934 F.Supp. 394 (M.D. Fla. 1996) (where vigorous representation of defendant would require attorney to act in manner adverse to interests of his former client, actual conflict of interest existed requiring disqualification of defense counsel -- "under the ethical canons a duty of loyalty exists apart and distinct from the duty to maintain client confidences").

10.   Under Rule 403 of the Federal Rules of Evidence, "Although relevant, evidence may be excluded it ifs probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

---

[2] Decisions of the former Fifth Circuit court are binding precedent on this Court. Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (11th Cir. 1981).

undue delay, waste of time, or needless presentation of cumulative evidence." In the present case, the government intends to call police officers who, according to their testimony at the suppression hearing on this matter, observed the charged items in Mr. Herring's physical possession on the date charged in this Indictment. See testimony of Neal Bradley and Mark Anderson. Mr. Wambles' alleged information will not corroborate that evidence, nor provide direct proof of the physical possession charged in the Indictment. Though Mr. Wambles' alleged information may be marginally "relevant," its introduction will substantially prejudice Mr. Herring, by depriving him of the assistance of Standby Counsel appointed to assist him since September 2005.

11. In addition, it is Mr. Herring's contention that his written response to the Notice of Alibi demand submitted to him by government counsel in its initial discovery, required the government to provide responding written notice of "the name, address, and telephone number of each witness the government intends to rely on to establish the defendant's presence at the scene of the alleged offense," as required by F.R.Cr.P. 12.1(b)(1)(A). Because the government has only provided notice of "expert" witnesses it intends to call, it must be barred from presenting any "fact" witness, such as Mr. Wambles or any other person to establish Mr. Herring's presence at the scene of the charged offense.

**WHEREFORE**, the defendant respectfully prays that this Motion be granted.

    Respectfully submitted,

    <u>s/Christine A. Freeman</u>
    **CHRISTINE A. FREEMAN**

>TN BAR NO.: 11892
>STANDBY COUNSEL for Defendant Herring
>Federal Defenders
>Middle District of Alabama
>201 Monroe Street , Suite 407
>Montgomery, AL 36104
>TEL:  (334) 834-2099
>FAX:  (334) 834-0353
>E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Verne Speirs, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

>s/Christine A. Freeman
>**CHRISTINE A. FREEMAN**
>**TN BAR NO.: 11892**
>STANDBY COUNSEL for Defendant Herring
>Federal Defenders
>Middle District of Alabama
>201 Monroe Street , Suite 407
>Montgomery, AL 36104
>TEL:  (334) 834-2099
>FAX:  (334) 834-0353
>E-Mail: Christine_Freeman@fd.org