IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.              ) | CR. NO. 1:05cr161-T |
| ) | |
| BENNIE DEAN HERRING ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO PROHIBIT ALL REFERENCES TO PROPOSED EVIDENCE

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Prohibit All References to Proposed Evidence. As grounds in support of this motion, the United States sets forth the following:

FACTS

The undersigned attorney had previously prosecuted Mr. Mickey Gene Wambles for being a felon in possession of a firearm. During the course of the Wambles' prosecution, the United States learned from Wambles' proffer with law enforcement about criminal activity in Coffee and Dale Counties, Alabama. In addition, the United States learned that Wambles had been associated with Bennie Dean Herring.

Bennie Dean Herring's case ended in a mistrial on Tuesday, October 25, 2005. On Wednesday, October 26, 2005, the United States sought to locate Mickey Gene Wambles on the slight chance he might have information regarding Bennie Dean Herring's possession of the subject firearm. On Tuesday, November 1, 2005, the United States learned through the United States Marshals Service that Mr. Wambles was incarcerated in Marianna, Florida. Upon discovering that

Mr. Wambles was in close proximity to the Middle District of Alabama and potentially available to testify, the United States immediately contacted Attorney Freeman to advise her of its intention to contact Wambles. At this juncture, the United States had no indication that Mr. Wambles would have any useful information. Nevertheless, out of an abundance of caution, undersigned counsel informed the Federal Defenders of its intention to discuss Bennie Herring with Wambles.[1]

On Wednesday, November 2, 2005, undersigned counsel spoke to Mickey Gene Wambles in Marianna, Florida. During the conversation, the United States learned that Mr. Wambles had seen Bennie Dean Herring in possession of the subject firearm on numerous occasions. In addition, the United States learned that Bennie Herring regularly kept the subject firearm in the exact location where it was discovered by the Coffee County Sheriff's Department. Immediately after the conversation with Mr. Wambles, the United States notified the Federal Defenders of its intent to call Mickey Wambles as a witness against Bennie Herring.

Although the Federal Defenders knew of the United States' intention to contact Mr. Wambles as early as Tuesday, November 1, 2005, (a full seven days before trial) only now do they allege improper delay and prejudice to Herring. Herring's allegation of improper delay is specious and his effort to preclude relevant testimony is contrary to established law.

ANALYSIS

I.   FEDERAL DEFENDER CONFLICT OF INTEREST.

The United States concedes, for the reasons stated in Herring's motion, that Attorney Freeman cannot continue as standby counsel for Bennie Dean Herring. However, because Attorney

---

[1]Therefore, the Federal Defenders had actual notice of Wambles potential association with this case on Tuesday, November 1, 2005, a full seven days prior to trial of this matter.

Freeman is only standby counsel and the United States disclosed any potential conflict a full week before trial, Herring has no undue prejudice. The United States found no legal authority compelling it to disclose witnesses that may present a potential conflict. Yet, as discussed above, undersigned counsel notified the Federal Defenders of its intent to talk to Wambles **even before knowing** if Wambles had relevant information. The United States should not be punished with exclusion of its witness when every effort was made to disclose a possible conflict at the earliest possible time.

    II.    WAMBLES' TESTIMONY IS RELEVANT TO AN ESSENTIAL ELEMENT OF THE CRIME CHARGED.

Mickey Wambles testimony is relevant because Rule 401, Federal Rules of Evidence, defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The central fact of consequence in this case is Bennie Herring's knowing possession of the firearm charged in the indictment. Mickey Gene Wambles is an eye witness to Bennie Herring's knowing possession of the subject firearm. The United States expects Wambles to testify that Herring kept the instant firearm in his vehicle, under the seat, wrapped in plastic. Coffee County Sheriff's deputies found the firearm in Herring's vehicle, under the seat, wrapped in plastic. Importantly, Bennie Herring categorically denies possession of the firearm. Thus, Wambles' testimony is paramount to prove Herring's knowing possession of the firearm, an essential element of the crime charged.

    III.    WAMBLES' TESTIMONY IS NOT UNDULY PREJUDICIAL.

Next, Herring challenges Wambles' testimony as unduly prejudicial. Herring's challenge is specious. In reality, Rule 403, Federal Rules of Evidence, is an extraordinary remedy that should be used sparingly because it allows the court to exclude admittedly probative evidence. United States v. Ross, 33 F.3d 1507 (11th Cir. 1994); United States v. Elkins, 885 F.2d 775 (11th Cir. 1989). Indeed, the term "unfair prejudice" suggests some capacity to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged . . . 'Unfair prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See Old Chief v. United States, 519 U.S. 192 (1997).

Applying this standard to the instant case, no "unfair prejudice" will inure to Herring with testimony from an eye witness to his illegal possession of a firearm. Nothing about Wambles' testimony will encourage guilt on an improper basis.

    IV.    THE UNITED STATES HAS NO OBLIGATION TO DISCLOSE POTENTIAL WITNESSES.

Finally, Herring claims the United States was obligated to provide the name, address and telephone number of each witness the government intends to rely on to establish the defendant's presence at the scene of the alleged offense. Apparently, Herring relies on some construction of F.R.Cr.P 12.1(b)(1)(A). In reality, the provisions of Rule 12.1(b)(1)(A) are only triggered if the defendant intends to rely on an alibi defense. If a defendant intends to rely on an alibi defense, then the United States must disclose those witnesses who will place the defendant at the scene of the crime. In the instant case, Herring informed the United States that he had no alibi defense. Therefore, the United States had no obligation under Rule 12.1(b)(1)(A).

Furthermore, under Rule 16, Federal Rules of Criminal Procedure, the United States has no obligation to disclose prospective witnesses. In <u>United States v. Pelton</u>, 578 F. 2d 701 (8th Cir. 1978), the Court specifically held "[d]iscovery of prospective witnesses is not required under Fed.R. Crim.P. 16(a)." Therefore, the United States is not "barred" from presenting any witnesses necessary to prove the charges against Herring.

For the reasons stated above, the defendant's motion should be denied.

Respectfully submitted this 3rd day of November, 2005.

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY

    /s/ Verne H. Speirs
    VERNE H. SPEIRS
    Assistant United States Attorney
    1 Court Square, Suite 201
    Montgomery, Alabama 36104
    (334) 223-7280
    (334) 223-7135 Fax
    verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 1:05cr161-T |
| ) | |
| BENNIE DEAN HERRING ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov