IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05cr161-T |
| | ) | |
| BENNIE DEAN HERRING | ) | |

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion For Judgment of Acquittal. As grounds in support of this response, the United States sets forth the following:

FACTS

Currently, Herring seeks a Motion for Judgment of Acquittal on two grounds: first, that the Indictment invokes an improper reference to "Schedule II Controlled Substances," rather than "Schedule III Controlled Substances," and second, that the Indictment insufficiently limits the interstate commerce element of proof for Title 18, United States Code, Section 922(g)(1).

ANALYSIS

I.  ANY REFERENCE TO THE "SCHEDULE" OF CONTROLLED SUBSTANCES IS MERE SURPLUSAGE.

The United States Circuit Court for the Third Circuit, in United States v. Vento, 553 F.2d 838 (3rd Cir. 1976), specifically addressed the reference of "schedules" in an indictment charging conspiracy to distribute methamphetamine. Vento's indictment referenced methamphetamine as a "Schedule II controlled substance" when methamphetamine is also a "Schedule III controlled

substance." See Vento at 870. On appeal, defendants argued that the shift of methamphetamine from a Schedule III controlled substance to a Schedule II controlled substance ( on March 30, 1973) was a fatal variance in the Indictment. See Id.

The Circuit Court refused to even reach the defendant's variance argument because any reference to the "schedule" was "mere surplusage." See Vento at 871. According to the Court:

> Each count in the indictment whether for conspiracy, use of interstate communications facility, or possession was framed in terms of a violation that rested on section 841(a)(1), which prohibits dealing "in controlled substances." Section 841(a)(1) is no way confined in its scope to any particular schedule of controlled substances, so the crime charged in the indictment does not require more particular specification of the schedule. See Id.

The Third Circuit held that no prejudice could befall the defendant from the "surplusage in the indictment," and "without reference to the schedule, the indictment complied with the requirements delineated by the Supreme Court in Hamling v. United States." See Id.

In the instance case, Herring is charged with the simple possession of controlled substances pursuant to Title 21, United States Code, Section 844(a). Like Section 841(a)(1), Section 844(a) is not tied to any particular schedule of controlled substances, it merely criminalizes the simple possession of controlled substances. Therefore, any reference to a particular schedule in the instant indictment is surplusage and no prejudice could befall a defendant when methamphetamine is listed in both Schedule II and Schedule III.

II.  THE UNITED STATES SUFFICIENTLY ESTABLISHED THE INTERSTATE COMMERCE NEXUS ON HERRING'S FIREARM.

According to United States v. Scott, 263 F.3d 1270, (11th Cir. 2001), the interstate nexus requirement for a prosecution pursuant to Title 18, United States Code, Section 922(g)(1,) is satisfied if the government demonstrates that the firearm possessed traveled in interstate commerce. See Scott

at 1274. In Scott, the United States elicited testimony from an ATF agent that testified that the firearm was made in the State of California and had moved in commerce to Georgia where the defendant was caught in possession of the weapon. See Id. at 1274. Thus, according to Scott, the United States need prove nothing more than the fact that the firearm was made in a state other than the state wherein it came into the hands of a felon. Scott does not require that the United States prove that the felon possessed the firearm "in **and** affecting commerce" or "in **or** affecting commerce." Finally, "it is well established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively." See United States v. Haymes, 610 F.2d 309 at 310 (5th Cir. 1980).

In the instant case, the United States elicited testimony from Special Agent Theron Jackson exactly consistent with the testimony approved by the Eleventh Circuit in Scott. The United States proved, through Special Agent Jackson, that Herring's firearm was not made in the State of Alabama and, therefore, traveled "in or affecting" interstate commerce.

Based upon the aforementioned, Herring's Motion for Judgment of Acquittal is due to be denied.

Respectfully submitted this 8th day of November, 2005.

                LEURA GARRETT CANARY
                UNITED STATES ATTORNEY

                /s/ Verne H. Speirs
                VERNE H. SPEIRS
                Assistant United States Attorney
                1 Court Square, Suite 201
                Montgomery, Alabama 36104
                (334) 223-7280
                (334) 223-7135 Fax
                verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05cr161-T |
| | ) | |
| BENNIE DEAN HERRING | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov