IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


UNITED STATES OF AMERICA   )
                           )
    v.                     )   CRIMINAL ACTION NO.
                           )        1:05cr161-T
BENNIE DEAN HERRING        )           (WO)


### ORDER

This cause is now before the court on the government's proffer of notice of intent to use, and actual use of, 404(b) evidence. Defendant Bennie Dean Herring objects to the use of such evidence. Fed. R. Evid. 404(b) provides that:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident."

The government must meet the following three-part test for extrinsic evidence to be admissible under Rule

404(b): (1) the existence of a proper purpose for introducing the evidence; (2) the prior act occurred and the defendant was the actor; and, (3) the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. United States v. Simon, 839 F.2d 1461, 1471 (11th Cir.), cert. denied, 488 U.S. 861 (1988).

First, the government seeks to introduce evidence that on October 12, 2002, the defendant possessed a .25 caliber pistol during a traffic stop. This evidence fulfills the valid purpose of showing intent or knowledge in the instant case because Herring would have had the same state of mind for both the extrinsic and charged offense. See United States v. Beechum, 581 F.2d 888, 911 (5th Cir.)(en banc), cert. denied, 440 U.S. 920 (1979).[*] It is firmly established that "the government may

---

[*] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handled down prior to the close of business on September 30, 1981."

introduce evidence of the defendant's extrinsic acts to prove intent if the defendant does not 'affirmatively take the question of intent out of contention by stipulating...[to] the requisite intent." United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993) (quoting United States v. Costa, 947 F.2d 919, 925 (11th Cir. 1991), cert. denied, 504 U.S. 946 (1992)).

Second, the court notes that, as a general rule, "evidence of an arrest without a conviction is not sufficient to prove commission of an offense." Diaz-Lizaraza, 981 F.2d at 1225. However, if an officer testifies regarding the circumstances of the arrest, or in this case the traffic stop, this testimony would be sufficient to meet the lenient reasonable jury standard that the prior act occurred. United States v. Perez-Garcia, 904 F.2d 1524, 1545 (11th Cir. 1990); United States v. Terebecki, 692 F.2d 1345, 1349 (11th Cir. 1982). Here, the government called Officer Zeneth Glen

of the Ozark Police Department. Such testimony squarely satisfies the second step of the Simon test.

Third, in determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value, the court must consider: (1) the similarity of the offenses; (2) the amount of time separating the extrinsic and charged offenses; and (3) the importance of intent in the case. United States v. Lippner, 676 F.2d 456, 461-62 (11th Cir. 1982). Here, the extrinsic and charged offenses are nearly identical; both involve the possession of firearms. In a largely factually similar situation, the D.C. Circuit determined that a prior gun possession was admissible to show "knowledge of and intent to possess the firearm" in the instant case. United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002).

Next, the period of 21 months between the offenses is not only well within the time bounds set out in prior case law, see e.g., United States v. Pollock, 926 F.2d

1044, 1048 (11th Cir.) (allowing five-year-old extrinsic evidence), cert. denied, 502 U.S. 985 (1991); United States v. Bennett, 848 F.2d 1134, 1137-38 (11th Cir. 1988) (same); United States v. Salery, 830 F. Supp. 596, 599 (M.D. Ala. 1993) (allowing four-year-old extrinsic evidence), the court finds that, here, the time separating the extrinsic and charged offenses is short enough to render the extrinsic evidence still quite probative.

Finally, defendant's intentional or knowing possession of a firearm is a critical element for the government's case. Without a stipulation of intent or knowledge on Herring's part, the extrinsic evidence is highly probative of a necessary element of the charged offense. See, e.g., United States v. Gomez, 927 F.2d 1530, 1534 (11th Cir. 1991).

The court therefore finds that the probative value of the extrinsic evidence substantially outweighs any prejudicial effect.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) Defendant Bennie Dean Herring's objection to the use of Rule 404(b) evidence (Doc. No. 44) is overruled.

(2) The government's proffer of notice of intent to use Rule 404(b) evidence (Doc. No. 40) and its actual use of such evidence are allowed.

DONE, this the 8th day of November, 2005.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**