IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:05cr161-T |
| BENNIE DEAN HERRING | ) | (WO) |

### ORDER

At the close of the government's case in chief, defendant Bennie Dean Herring moved for acquittal on two grounds.

First, he argued that the indictment charged, but the government had failed to prove, that his possession of a firearm affected interstate commerce. Under 18 U.S.C.A. 922(g)(1) the government is required to show only that the gun was in *or* affected interstate commerce. See United States v. Deleveaux, 205 F.3d 1292, 1296-1276 (11th Cir. 2000) (citing United States v. Billue, 994 F.2d 1562, 1565 n.2 (11th Cir. 1993)); United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001) (finding that proof that the gun traveled in interstate commerce is sufficient); United States v. Reynolds, 215 F.3d 1210,

1215 (11th Cir. 2000)(same); see also Scarborough v. United States, 431 U.S. 563, 575 (1977) (holding that the government could prove an interstate nexus by showing that a firearm had at some time traveled in interstate commerce). Thus, even if the only effect on interstate commerce was the gun's movement prior to Herring's acquisition of it, the government has met its burden of proof.

Second, Herring argued that there was a variance between the indictment, charging him with possession of methamphetamine, a Schedule II substance, and the evidence adduced at trial, which demonstrated that he possessed methamphetamine in powder form, a Schedule III substance. In order for a variance to require dismissal, "it must affect the substantial rights of the accused either (1) by insufficiently informing him of the charges against him such that he is taken by surprise and prevented from presenting a proper defense, or (2) by affording him insufficient protection against

reprosecution for the same offense." United States v. Sheikh, 654 F.2d 1057, 1066 (5th Cir. 1981);[*] see also Berger v United States, 295 US 78 (1935); United States v. Hanson, 835 F.2d 815, 817 (11th Cir. 1988). Assuming arguendo that this constitutes a variance, the court finds no possibility of a double jeopardy risk. Therefore, Herring must demonstrate that he was prejudiced by the variance. Herring has not alleged, let alone demonstrated, any prejudice. He was charged with drug possession that occurred on a specific date, so he was aware of the nature of the charge against him and on notice of the factual circumstances underlying the charges. See United States v. Ramos, 666 F.2d 469, 478 (11th Cir. 1982). It is hard to imagine how his defense would have differed if the indictment had indicated that he possessed powder, as opposed to liquid,

---

   [*]   In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

methamphetamine.  See United States v. Gonzalez, 661 F.2d 488, 492-93 (5th Cir. 1981).

Accordingly, it is ORDERED that defendant Bennie Dean Herring's oral motion for acquittal is denied.

DONE, this the 8th day of November, 2005.

                /s/ Myron H. Thompson
                **UNITED STATES DISTRICT JUDGE**