IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.       ) | CRIM. ACTION NO. |
| ) | 1:05cr161-T |
| BENNIE DEAN HERRING    ) | |

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

I.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment. You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice for or against the

defendant or the government.  Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt.  Indeed, every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you should not consider that in any way during your deliberations.  The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that

the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers have said is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard

anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact

in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the witness testified, and that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

5

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer. You must consider him or her as any other witness. Under the laws of the United States, witnesses, including law enforcement officers, are the same.

Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

II.

The defendant in this case is Bennie Dean Herring. Herring is charged with two counts in the indictment. I will now explain to you what the counts are in the indictment, and what the law says with respect to the offenses charged in each count.

<u>Count One: Possession of Firearm by a Convicted Felon</u>

This count of the indictment alleges, in relevant part,

> "On or about July 7, 2004, in Coffee County, within the Middle District of Alabama, BENNIE DEAN HERRING, defendant herein, having been convicted of the following felonies, crimes punishable by imprisonment for terms exceeding one year under the laws of the United States,
>
> 1) 1990, Manufacture, distribution, possession, and advertising of wire, oral, or electronic communication intercepting devices
>
> 2) 1991, violation of Satellite Television Privacy
>
> did knowingly possess in and affecting commerce a firearm: a Hi-Point, .380 caliber, semi-automatic pistol, serial number P717943, in violation of Title 18, United States Code, section 922(g)(1).

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

<u>Second</u>: That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

The term "interstate commerce" includes the movement of a firearm between any place in one state and any place in another state. It is not necessary for the Government to

prove that the Defendant knew that the firearm had moved in interstate commerce before the Defendant possessed it, only that it had made such movement.

### Count Two: Possession of a Controlled Substance

This count of the indictment alleges, in relevant part,

> "On or about July 7, 2004, in Coffee County, within the Middle District of Alabama, BENNIE DEAN HERRING, defendant herein, did intentionally and knowingly possess a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States code, Section 844(a)."

Title 21, United States Code, Section 844(a) makes it a federal crime or offense for anyone to possess a "controlled substance."

Methamphetamine is a "controlled substance" within the meaning of the law.

The defendant can be found guilty of that offense only if the following fact is proved beyond a reasonable doubt:

> That the defendant knowingly and willfully possessed methamphetamine

### III.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession. A person who knowingly has direct physical control of something is then in actual possession of it. A person who is not in actual possession, but who has both the power and the

intention to later take control over something either alone or together with someone else, is in constructive possession of it. If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint. Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

During the course of the trial, you heard evidence of acts of the defendant which may be similar to those charged in Count I of the indictment, but which were committed on other occasions. Evidence or testimony that an accused committed an act at one time or on one occasion is not evidence or proof whatever that such person did a similar act at another time or on another occasion. In other words, testimony that a defendant may have committed, at some other time, an act similar to the act or acts alleged in the indictment in this case may not be considered by the jury in determining whether the accused in fact committed any act alleged in the indictment.

Indeed, evidence or testimony concerning an act of a similar nature allegedly committed at some time or place, not

charged in the indictment, may not be considered for any purpose whatsoever unless the jury first finds that the other evidence in the case, standing alone, establishes beyond a reasonable doubt, that the accused did the particular act charged in Count I of the indictment under deliberation. If the jury should find beyond a reasonable doubt from other evidence in the case that the accused did the act charged in the indictment, then the jury may consider evidence as to some other act of a similar or like nature, on the part of the accused, in determining the state of mind or intent with which the accused did the act charged in the indictment. And, where proof of an alleged similar act done at some other time or place is clear and conclusive, the jury may, but is not obliged to, draw the inference and find that the accused acted willfully or with knowledge and not because of mistake or accident or other innocent reason.

A separate crime or offense is charged against the defendant in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately.

IV.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether each defendant is guilty or not guilty. The defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted the matter of punishment is for the judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Verdict forms have been prepared for your convenience. You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the appropriate verdict forms, date and sign them, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.