Bennie Harris

1:05.161-T

Dear Judge Thompson,

RECEIVED
2005 NOV 17 A 11:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

But after I ask the court to do three things.

(1) Consider my oral motion as to a contructive amendment pursuant to Stirone. The governments proof along with thier given charge as to count one and count 2 were nothing less and Stirone was right on point. The case was not about "minimal nexus" as to Interstate commerce but to the Intrastate commerce that was an area that must be proven by way of fact.

2. Give me an expedited sentencing order because as I read the guidelines I have already served more time than you would have sentenced me to.

I know you are aware that the two 1990 and 1991 convictions that were the basis of the 18 USCS 922 (g)(1) charge were remanded back to this court in 1997 but Judge Cody has yet to rule on the hearing. The docket #. is 2:94-cv-213 TMH CSC. I filed a 2255 on both cases with the 11th cir. and Judge Cody combined them in his recommendation. I believe the

11th circuit sent them back in 1997, I am not sure and the docket does not reflect that date. However they were filed in 1994. These are the records I had filed away and could not get to for my defense.

(3) Contrary to the evidence put before this court by the government, I was arrested on a federal warrant on June 7, 2005 and placed in the Coffee County jail. I am yet to be arrested for the possession of methamphetamine by either the state or federal government.

(a) I never received an evidentiary hearing as required by FRCrP.

(b) Although I was indicted within thirty (30) days, it was another forty five before I was arraigned or there about.

(c) A person in custody must have an evidentiary hearing within ten days of arrest and be arraigned within ten days of being indicted, is in custody.

I would appreciate any help this court thinks I deserve, I am a single employee (now) self-employed man.