IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT
OF ALABAMA

U S
v.                                    Case # 1:05cr161T
Bennie Dean Herring

## MOTION FOR MISTRIAL/DISMISSAL

Comes now the above named defendant "Herring" moving this court for a mistrial and or a dismissal of the charges set out in this matter. The reasons follow.

1. On Nov. 7, 2005 Herring was tried before a jury on violations of federal law pursuant to 18 USCS 922(g)(1).

2. The charges were as a result of two convictions, 89-277-S and 90-252-S.

3. The indictment (doc. 3) required that Herring be convicted of both 89-277-S "and" 90-252-S.

4. The jury was not instructed as to which, if either, prior conviction it must rely on.

5. The indictment simply stated both "and".

6. Earlier, Herring had raised the two convictions as a bar to prosecution pursuant to 922 (g)(1). (doc 17)

7. When serving the sentence for the two prior convictions Herring filed two 28 USCS 2255's challenging each conviction.

8. The two 28 USCS 2255's were filed in 1994 and docketed in this court as 2:94-cv-213-TMH-CSC and another, not known at this time.

9. The reason for one docket number is that magistrate Judge Charles Coody combined

the two motions in to one, over the objection of Herring.

10. The Magistrate Court then made it's recommendation that the motions be denied and this court then adopted the recommendation.

11. Herring then appealed to the Eleventh Circuit Court of Appeals "USCA" which vacated and remanded the cases in, the petitioner believes, 1996.

12. It would then be years before Herring could get the Magistrate Court to set the required hearing.

13. After the hearing, this court had 180 days to rule on the evidence, if not federal statute required the case be dismissed.

14. The defendant has no way of citing the statute that demands

The dismissal for failure of this court to rule on the ordered hearing, as he has been confined for over six months away from his records.

15. Apparently, this court and the Federal Defender's office have had a problem producing the exact records

16. Additionally, the government did not respond with a complete set, although Herring believes the assistant U.S. Attorney, Spires, acted in good-faith and produced what he had.

17. It is not Mr. Spires fault that the two motions have not been finalized now for over ten years.

18. Notwithstanding the confusion over the combining of the

two motions, this court issued an order on Nov. 21, 2005 admitting that the court "overlooked" the opinion and would have one in the near future.

19. This court stated that any recommendation would go to Judge Truman Hobbs.

20. However, this court adopted the recommendation that was appealed to the USCA.

21. Additionally, long since has the time passed for an order in the appealed motions and subsequent remand, the court had only 180 days from the hearing, so best Herring's memory serves him.

22. These issues aside, the jury considered a sentence, or two that had been vacated almost five years earlier.

23. This court and the government were aware of Perring's claim as it was raised in open court and by motion more than once and prior to trial. (doc 17)

24. Whether the jury's decision was based on both of the convictions or one conviction there is no way to know and demands this judgement be set-aside.

The defendant thought, as he stated in open court that both prior convictions had been dismissed or made of no effect by the length of time that elapsed from the time of the sentencing by the USCA and the trial in this case and by the statutory requirement relative to the time between the 3/19/01 hearing and the trial in this case. At best for the government it

is a second mistrial and at worst a dismissal. Neither being the fault of Herring. This case should be terminated upon the filing of this motion.

Respectfully signed
this Nov. 7, 2005
Benny Due Thomas