IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:05cr161-MHT |
| BENNIE DEAN HERRING | ) | (WO) |

ORDER

Defendant Bennie Dean Herring was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possession of methamphetamine, in violation 21 U.S.C. § 844(a), on November 8, 2005.  On January 27, 2006, he was sentenced to serve 27 months in prison.  This cause is now before the court on Herring's motion for release on bond pending his appeal.  For the following reasons, this motion will be denied.

The Bail Reform Act of 1984, 18 U.S.C. § 3143, provides that the district court shall order detention of a person who has been convicted and sentenced to a term

of imprisonment. Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate. Morrison v. United States, 486 U.S. 1306 (Rehnquist, Circuit Justice 1988)(release pending cert. petition); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)(per curiam), cert. denied, 479 U.S. 1018 (1986) (release pending appeal). In order to grant a defendant's motion for release pending appeal, the district court must make the following findings:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> "(B) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in–
>
> (i) reversal,
>
> (ii) an order for a new trial,

>    (iii) a sentence that does not include a term of imprisonment, or
>
>    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1).  The burden of proving these findings lies with the defendant.  <u>Giancola</u>, 754 F.2d at 901.

In support of his motion for release, Herring argues that he requires better access to his mail and to his reference materials to prepare his appellate brief. Herring has provided no evidence as to his risk of flight or danger or as to the basis for his appeal.  Therefore, this court finds that Herring has not met his burden of proving the elements of § 3143(b)(1).[*]

---

[*] In this regard, the court notes that Herring declined the assistance of 'standby counsel' whose duties included providing him with legal materials so that he could adequately represent himself.  <u>See</u> order dated November 21, 2005 (Doc. No. 97).

**Accordingly, it is ORDERED that defendant Bennie Dean Herring's motion for release on bond pending appeal (Doc. No. 116) is denied.**

**DONE, this the 22nd day of March, 2006.**

<u>  /s/ Myron H. Thompson  </u>
**UNITED STATES DISTRICT JUDGE**